# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVANSTON INSURANCE COMPANY,

      Plaintiffs,

vs.

WESTERN COMMUNITY INSURANCE CO.,

      Defendant.

Case No. 2:13-cv-01268-GMN-CWH

**ORDER**

    This matter is before the Court on Defendant Western Community Insurance Company's Motion to Stay Proceedings and Vacate Mediation (#40), filed on April 21, 2014. The Court also considered Plaintiff Evanston Insurance Company's Response (#43), filed on May 8, 2014, Affidavit of Nicholas M. Wieczorek in Support of Plaintiff's Response (#44), filed on May 8, 2014, and Defendant's Reply (#45), filed on May 16, 2014. Defendant seeks a stay of this action due to a related action in Idaho court and requests that a settlement conference not be conducted. In response, Plaintiff asserts that a stay is not warranted and represents that it is prepared for a settlement conference, but such conference is likely to be unproductive.

## DISCUSSION

    A court has broad discretionary power to control its docket, which extends to the issuance of a stay. *See e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* In exercising its discretion, the court must consider factors like, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. Moreover, a court

should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay . . . will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  Therefore, the court must balance the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005). The Court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

Defendant asserts several arguments in favor of staying this action.  First, Defendant notes that it filed a motion for summary judgment only to comply with the dispositive motions deadline, but still contends that there are jurisdiction and venue issues to be decided.  Second, Defendant contends that the Court should abstain from deciding the motion for summary judgment until a judgment in the Idaho state court action is obtained.  Third, Defendant argues that a settlement conference will be unproductive because it does not have the ability to compromise the rights of a third party at issue in this action.

In response, Plaintiff contends that the abstention argument raised by Defendant has been fully briefed in the pending motion for summary judgment.  Further, Plaintiff alleges that the Court should not abstain because it has not engaged in forum shopping and the parties and issues are not identical in this action and the Idaho state court action.  Specifically, Plaintiff notes that Defendant opposed its intervention in the Idaho state court action and that court denied Plaintiff's intervention, in part, because Plaintiff's claims did not share common issues of law or fact. Plaintiff also argues that the Court can decide the motions for summary judgment without relying on complex or uncertain issues of state law.  Additionally, Plaintiff alleges that it would be prejudiced by a stay in waiting indefinitely for the Idaho case to be resolved and a stay would not simplify issues for trial.  Finally, Plaintiff notes that a settlement conference at this time would not be worthwhile and requests that the Court decide the pending motions for summary judgment.

After careful consideration, the Court finds that a stay of this action is not warranted.  The Court has carefully weighed the competing interests affected by the request for a stay.  In doing so,

the Court finds that a stay would damage Plaintiff by resulting in undue delay and is not outweighed by Defendant's request to abstain that will be considered in deciding its pending motion for summary judgment. Moreover, the Court has considered Rule 1's directive to secure the speedy and inexpensive determination of this action. Defendant has not made the strong showing necessary to stay this action given that no further discovery is necessary and the motions for summary judgment are fully briefed. Additionally, no indication was given of how long a stay would be needed for the Idaho state court action to be resolved. Further, the Court is not convinced, at this point, that the two actions involve the same parties and issues of law. Accordingly, the Court finds that a stay of this action pending resolution of a related Idaho state court action is not warranted at this time.

Furthermore, the Court finds that it is appropriate to postpone the settlement conference given both parties' representations regarding the utility of a settlement conference at this time. The District Judge referred this matter for a settlement conference prior to deciding the pending motions for summary judgment. Both parties contend that the settlement conference would be premature and unproductive at this stage. Accordingly, if necessary, after the parties' motions for summary judgment have been decided, the Court will conduct a settlement conference upon request from the District Judge.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Western Community Insurance Company's Motion to Stay Proceedings and Vacate Mediation (#40) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant Western Community Insurance Company's request for a stay of this action is **denied**.

**IT IS FURTHER ORDERED** that Defendant Western Community Insurance Company's request to vacate the settlement conference is **granted with the modification** that the settlement conference shall be rescheduled pursuant to the District Judge's request after the pending motions for summary judgment have been decided.

1   DATED this 19th day of May, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge