# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | |
| Plaintiff, | Case No. 2:13-cv-01268-GMN-CWH |
| vs. | **ORDER** |
| WESTERN COMMUNITY INSURANCE CO., | |
| Defendant. | |

Presently before the Court is Plaintiff Evanston Insurance Company's Ex Parte Application for Order Allowing Writs of Execution in Conjunction with Judgment to be Served by Private Process Server and Alternative Means (ECF No. 91), filed on June 10, 2016.

Plaintiff has a judgment against Defendant in the amount of $238,404.06. (J. (ECF No. 85).) Plaintiff obtained a writ of execution for enforcement of the judgment. (Writ of Execution (ECF No. 96).) Plaintiff now requests that it be allowed to serve writs of execution by private process server, certified mail, or overnight delivery via a nationally-recognized carrier. Plaintiff argues this will maximize its recovery and minimize Defendant's expenses given that Plaintiff will be serving numerous writs of execution outside Nevada. Additionally, Plaintiff requests that any funds seized be tendered directly to Plaintiff's attorney. Plaintiff does not explicitly provide a justification for this request, but the Court understands Plaintiff's position to be that it would cause confusion for the funds to be delivered to the United States marshal for subsequent delivery to Plaintiff if Plaintiff is not using the United States marshal for service of the writs of execution.

Federal Rule of Civil Procedure 69(a)(1) provides that the procedures for executing on a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Federal Rule 69(a)(1) further provides that any

process issued to enforce a money judgment is referred to as a writ of execution. Fed. R. Civ. P. 69(a)(1); *Emp. Painters Trust v. Riggio Bros. Constr., Inc.*, No. 2:09-cv-01831-KJD-PAL, 2010 WL 3896148, at *2 (D. Nev. Sept. 29, 2010). "Thus, a writ issued by a federal district court in Nevada for enforcement of a judgment by garnishment is called a writ of execution, but the [United States] Marshal enforces the writ according to Nevada state procedures for garnishment." *Emp. Painters Trust*, 2010 WL 3896148 at *2.

Under Nevada's procedures, writs of garnishment "shall be served by the sheriff of the county where the garnishee defendant is found, unless the court directs otherwise, in the same manner as provided by rule of court or law of this state for the service of a summons in a civil action." Nev. Rev. Stat. § 31.270. Under Federal Rule of Civil Procedure 4.1(a), "[p]rocess—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by United States marshal or deputy marshal or by a person specially appointed for that purpose." Synthesizing these rules, a writ of execution issued by this Court must be served by a United States marshal under the procedure set forth in Nevada Revised Statutes § 31.270. "Upon the Marshal's return showing service of a writ of garnishment, the garnishee formally becomes a party of record and is subject to the jurisdiction of the Court." *Emp. Painters Trust*, 2010 WL 3896148 at *2 (citing Nev. Rev. Stat. § 31.280).

Once a writ of garnishment is served, the garnishee has twenty days to answer statutorily-specified interrogatories. Nev. Rev. Stat. §§ 31.260, 290. If the garnishee's answers to the interrogatories show that the garnishee has the judgment debtor's money or property, "the court . . . shall enter judgment in favor of the [judgment debtor] for the use of the plaintiff against the garnishee for the amount of the indebtedness." *See* Nev. Rev. Stat. 31.300. "Thus, the garnishee must not pay any of the money to the defendant and must instead retain the money in his possession or control or deliver it to the Marshal for subsequent delivery to the plaintiff." *Emp. Painters Trust*, 2010 WL 3896148 at *2 (citing Nev. Rev. Stat. § 31.310).

Here, Plaintiff argues that under Nevada Revised Statutes § 31.270, the Court has the discretion to direct alternative means of service for a writ of garnishment—such as by process server, certified mail, or nationally-recognized carrier—because § 31.270 states that writs of

1  garnishment "shall be served by the sheriff of the county where the garnishee defendant is found,
2  unless the court directs otherwise."  Plaintiff does not provide any argument or authority, however,
3  indicating that there is an exception for writs of execution under Rule 4.1 of the Federal Rules of
4  Civil Procedure, which requires all process issued by the Court, except a summons under Rule 4 or
5  a subpoena under Rule 45, to be served by the United States marshal.  *See also* Fed. R. Civ. P.
6  69(a)(1) (stating that state procedures apply to supplementary procedures in aid of execution on a
7  judgment, "but a federal statute governs to the extent that it applies.").

8       As a practical matter, given that the United States marshal's return of service of the writ of
9  execution is what gives the Court jurisdiction over the garnishee, the Court is concerned about the
10  effect that serving writs of execution by alternative means such as mail would have on the Court's
11  jurisdiction over the garnishee.  *See* Nev. Rev. Stat. § 31.280.  The Court further is concerned that a
12  departure from the usual processes in terms of payment of funds held by the garnishee to Plaintiff's
13  attorney rather than to the United States marshal will lead to confusion and potentially result in
14  satellite litigation, thereby undercutting any efficiency gains from serving the writs by alternative
15  means.  Finally, Plaintiff does not provide the Court with any argument or evidence indicating that
16  service of writs of garnishment by the United States marshal is significantly more expensive than
17  using a private process server, certified mail, or by nationally-recognized carrier.  The Court
18  therefore will deny Plaintiff's motion.

19       IT IS THEREFORE ORDERED that Plaintiff Evanston Insurance Company's Ex Parte
20  Application for Order Allowing Writs of Execution in Conjunction with Judgment to be Served by
21  Private Process Server and Alternative Means (ECF No. 91) is DENIED.

23       DATED: June 27, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**